UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY ALICIA CONNELLY | * | CIVIL ACTION NO.: |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| VETERANS ADMINISTRATION | * | |
| HOSPITAL | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiff, Mary Alicia Connelly, a person of full age of majority, and a resident of the parish of East Baton Rouge, City of Baton Rouge, and State of Louisiana. Petitioner wishes to raise a complaint of negligence against the following named defendants:

I.

Veterans Administration Hospital in New Orleans, Louisiana, believed to be a subdivision of the Federal Government of the United States of America, which is amenable to suit in this Honorable Court

II.

Petitioner submits that the Veterans Administration Hospital, and/or its staff or employees, were negligent, and that the premises at the VA Hospital in New Orleans, was dangerous, and constituted a premises defect which caused the petitioner injuries. As such, the defendant is liable for any and all damages suffered as a result of its defective premises.

III.

Petitioner submits that on or about February 3, 2011, she was at the Veterans Administration Hospital in New Orleans, Louisiana with her brother. She was on the 3rd floor, in front of the nursing station. Her brother was in front of her. When she approached the nursing station, she slid across the hall, due to a foreign substance located on the floor. The patient fell and suffered injuries.

IV.

Ms. Mary Alicia Connelly immediately began to suffer facial swelling, and a CT of her face was performed. X-rays of her back were also taken. Ms. Connelly was especially aware of her back injury due to the fact that she had a pre-existing back condition, and had had surgery in August of 2010. As a result of the fall, she also chipped her tooth.

V.

On February 7, 2011, Ms. Connelly telephoned the Risk Manager at the VA Hospital in New Orleans. It is believed that this individuals name was Ronetta. At this point in time, Ms. Connelly requested that an MRI of her back be scheduled and that her tooth be fixed. Ms. Connelly was advised that Medicare would not pay for the care due to the fact that it was accidently caused. Furthermore, she was advised that the VA Hospital had done all that they would do, and directed her to contact the U.S. Attorney's Office.

VI.

Petitioner has since learned that a maintenance man immediately mopped the floor after her fall.

VII.

On February 8, 2011, she went to Our Lady of The Lake Hospital in Baton Rouge, Louisiana where she received Cortisone injections, and Flexeril.

VIII.

On February 11, 2011, she sought treatment from Dr. Jason Smith. At this point she was advised that she had herniated disks at the C7-T1 level. She was also advised that these were new in nature, and did not pre-exist her fall.

IX.

Petitioner also sought treatment from Dr. Rashad Hammed, for a fractured right wrist.

X.

Petitioner has since had an MRI on April 25, and was diagnosed on May 13, 2011 with a hearty fracture. She has gone to physical therapy until May 31, 2011. At this point in time she has two (2) surgeries which are scheduled. The first is a posture fusion of the C7-T1, however, this cannot be done until eight (8) months post her prior surgery. Furthermore, Dr. Hammed has recommended wrist surgery.

XI.

Petitioner is still under the care of her treating physicians and additional surgeries have been discussed. Petitioner has pains throughout her spine and the diagnosis of RSD has been raised. Ongoing treatment is occurring.

XII.

Petitioner submits that the premises of the VA Hospital was defective, and constituted a premises defect. Petitioner submits that the defendant knew or should have known of the

defective condition and that her fall, and the ensuing injuries were caused by the premises defect for which the defendant is responsible.

XIII.

Petitioner submits that as a result of the fall, she has suffered the following non-exclusive list of damages:

1. Past, present, and future pain and suffering;

2. Past, present, and future medical care;

3. Past, present, and future surgeries;

4. Past, present, and future mental anguish;

5. Past, present, and future loss of enjoyment of life;

6. Future disabilities;

7. Loss of mobility and function;

8. Loss of employment and/or future and past earning capacity;

9. Miscellaneous expenses required in travelling to and from North Carolina where she is forced to seek medical care from her prior Orthopedic Surgeon; and

10. Any and all damages which may be proven at trial.

XIV.

Petitioner submits that jurisdiction over this defendant is appropriate with the Honorable Court, and prays for trial by Jury on all issues raised herein.

XV.

Petitioner started an investigation with the U.S. Attorney and her claim has been denied as has plaintiff's claims for liability and negligence.

XVI.

WHEREFORE, petitioner prays that this lawsuit be deemed good and sufficient, and after all due proceedings be had, there be judgment herein in favor of the petitioner, and against the defendant finding defendant liable for any and all damages suffered by the petitioner including but not limited to any and all costs of this proceeding as well as interest from the date of judicial demand forward.

Respectfully Submitted:

/s/ J. Michael Daly, Jr.
J. Michael Daly, Jr., Bar No. 19539
Bradford H. Walker, Bar No. 13168
Steven Jay Irwin, Bar No. 27338
Walker Daly, LLP
3939 North Causeway Blvd., Ste. 200
Metairie, Louisiana 70002
Telephone: (504) 846-5700
Facsimile: (504) 846-5722

**PLEASE SERVE:**

**Attorney General of United States at Washington DC**
**U.S. Department of Justice**
**950 Pennsylvania Ave, NW**
**Washington, DC 20530**

**United States Attorney for Louisiana**
**James B. Letten**
**210 Hale Boggs Federal Building**
**500 Poydras Street**
**New Orleans, Louisiana 70130**